FILED
U.S. DISTRICT COURT
W.D.N.Y BUFFALO

2006 MAR -9  PM 1:03

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LORAL RICHARD HUFFMAN, JR.,

        Plaintiff,

                                              **ORDER**
-v-                                              05-CV-0867S

MICHAEL A. BENSON, Chief, Erie County Jail,

        Defendant.

_____

       Plaintiff Loral Richard Huffman, Jr., who is currently detained at a federal correctional institution on a pending federal indictment and, and who was a New York State inmate previously incarcerated at the Wende Correctional Facility ("Wende") prior to his custody being transferred to federal authorities on the indictment, initiated a civil action in this Court on December 12, 2005. Along with the Complaint, Plaintiff filed an Application requesting permission to proceed *in forma pauperis* ("IFP") and an Authorization pursuant to 28 U.S.C. § 1915(b). (Docket No. 2). On January 12, 2006, Plaintiff filed a letter requesting that the case not be processed and that his documents be returned to him. (Docket No. 3). He claimed that letters he had earlier sent to the Court after he forwarded the Complaint to the Court asked that the case not be processed because the Complaint contained a number of errors, mistakes, omissions and the like. Plaintiff's letter also requested a return of the partial payment that had been made towards the court filing fee from

his Inmate Account at Wende and the removal of the encumbrance on said Account. *See* 28 U.S.C. § 1915(b)(1)-(4). The Court construed the letter as a request to voluntarily withdraw the Complaint and thereafter entered an Order on February 1, 2006, dismissing the Complaint pursuant to Fed.R.Civ.P. 41(a)(1)(i). (Docket No. 4).

Plaintiff now moves for the recovery or reimbursement of his Inmate Account of the partial filing fee and the removal of the encumbrance from his Account. (Docket No. 6). For the reasons discussed below, the motion is denied because § 1915(b) requires that prisoners who pursue civil rights claims IFP must pay the Court's filing fees. *See* Leonard v. Lacy, 88 F.3d 181, 185 (2d Cir. 1996).[1]

---

[1] The fact that the Court dismissed the complaint after it was filed, per plaintiff's request to withdraw it, but without first granting plaintiff permission to proceed *in forma pauperis* is not in any way determinative of the issue before the Court because in Leonard, 88 F.3d at 184-86, the Second Circuit addressed this very issue and determined that the requirement of payment of court filing fees per 28 U.S.C. § 1915(b)(1) could be imposed upon the filing of the complaint prior to any determination of the IFP application and "frivolousness." In so holding the Court stated:

> [C]onstruing the statute to impose the fee requirement only on those granted i.f.p. status would place on courts precisely the burden that the statute was intended to avoid: they would have to expend judicial and staff time to make the determination of whether every complaint or appeal surmounts the "frivolousness" threshold. By requiring the prisoner to file a certified copy of his trust account statement and to become obligated to pay the filing fee before frivolousness is assessed, many prisoners can be expected to make their own assessment of frivolousness and will elect not to file a considerable number of complaints and appeals. Nor is there any unfairness in imposing the fee obligation, subject to installment payments, upon all prisoners.

The Second Circuit therefore held that the payment of its filing fee pursuant to § 1915(b) would be imposed prior to any assessment of frivolousness and a determination of whether to grant IFP status.

2

On August 2, 2005, well prior to filing the instant action, Plaintiff submitted a request for an "Emergency Hearing" to the undersigned, which was referred to the Court's Pro Se Office for response. A Pro Se Staff Attorney informed Plaintiff that unless he had an active case in the Court, due to the need for jurisdiction under Title 28 of the United States Code, the Court had no authority to act on his request for an Emergency Hearing. Plaintiff was also informed that he could file a complaint if he wished and he was forwarded the necessary forms and instructions to file a complaint and request IFP status. These forms and instructions normally include the Court's Inmate Authorization Form, which sets forth the requirements of § 1915(b)(1)-(4), and advises inmates that if they sign the Authorization the entire filing fee will be paid to the court by automatic deductions from their inmate account "even if [the] case is dismissed before the entire amount of the fee has been deducted from [their] account."[2]

---

The Court also noted that it and many district courts docket cases prior to any determination to grant IFP status and whether the complaint or appeal is frivolous, and that the fee obligation may be imposed upon filing before any such determinations are made. If the obligation to pay the filing fee was imposed only after a determination of frivolousness it would produce a "bizarre result: the prisoner whose complaint or appeal is determined to be frivolous would be spared the obligation to pay a filing fee, while only the prisoners who surmount the "frivolousness" standard would become obligated for filing fees. The text [of § 1915] does not require such a construction." Leonard, 88 F.3d at 184. This court is one fo those districts that docket a case prior to a determination of frivolousness and IFP status.

[2]This language is in bold and underlined on the Court's Inmate Authorization Form. The Authorization Form includes a separate page which is titled "Important Fee Information," which sets forth the requirements under § 1915(b)(1)-(4), and the mechanics the Court and Prison Facility use to collect the filing fee upon submission of an Authorization by an inmate.

3

On December 12, 2005, Plaintiff filed a *pro se* action seeking relief under 42 U.S.C. § 1983, a request to proceed IFP, and a signed handwritten Authorization.[3] The handwritten Authorization was not the Court's Inmate Authorization Form typically used by inmates filing complaints in this Court.[4] On January 12, 2006, Plaintiff submitted a letter, dated January 10, 2006, noting that he had sent previous letters to the Court requesting that the Court not process the complaint and that he wanted his action withdrawn. (Docket No. 3). Subsequent letters were received by Plaintiff on January 27 (Docket No. 5) and February 2, 2006, requesting that the case not be processed or withdrawn because, among other reasons, Plaintiff

---

[3] Pursuant to the Clerk of the Court's practice, upon the filing of a complaint, a completed application to proceed *in forma pauperis* and a signed authorization, the Court forwards a letter to the facility in which the inmate is housed advising it that a complaint has been filed, and directing the facility to calculate and remove from the inmate's prison account either (1) the full filing fee of $ 250.00, or (2) if there are insufficient funds in the inmate's account to pay the full filing fee, then to remove or encumber the initial partial payment of the fee, which is the greater of: (a) the average monthly deposits in the inmate's account for the past six months, or (b) the average monthly balance in the inmate's account for the past six months. If after the removal or encumbrance is made, there remains any unpaid fee, the facility must remove or encumber 20% of the preceding month's income credited to the inmate's account until the fee has been paid in full, provided that the balance in the account never goes below $ 10.00.

[4] The handwritten form submitted by Plaintiff stated that the forms he received from the Court did not include an Inmate Authorization Form so he was submitting this handwritten one, which stated that: "I, L.R. Huffman authorize Wende Prison or any other facility I may be housed at to deduct $ 250.00 in whole or part at any time from any funds I have or receive in the future to pay these court encumbrance[s]." The Court cannot state definitively whether the Inmate Authorization Form was included with the packet of forms and instructions forwarded to Plaintiff or whether Plaintiff received the "Important Fee Information" instruction sheet, other than to say that is the Court's practice to include both forms when it sends forms and instructions to inmates for use in filing a civil action IFP. Based on the language of the handwritten authorization, it certainly appears reasonable to assume that Plaintiff was aware of the requirements of § 1915(1)-(4).

was on medication and was not aware of what he was signing when he submitted the Complaint and Authorization back in December 2005. As noted, the Court construed the January 10 letter as a request to voluntary withdraw the action and on February 1, 2006, per Plaintiff's request, the action was dismissed without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(i). (Docket No. 4).

In 1996, Congress passed the Prison Litigation Reform Act ("PLRA") in an effort to "reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." Leonard, 88 F.3d at 185. Under the PLRA, if a prisoner commences a civil action IFP, the prisoner "shall be required to pay the full amount of the filing fee," 28 U.S.C. § 1915(b)(1), regardless of whether the case is dismissed or denied after filing. Lineberger v. Sing Sing Correctional Facility, No. 01 Civ. 1659(GEL), 2003 WL 22110279 (S.D.N.Y., Sept. 10, 2003)) at * 1-2. See also Goins v. Decaro, 241 F.3d 260 (2d Cir. 2001) (inmates proceeding IFP on appeal and who submitted authorizations allowing the filing fee to be deducted from their prison accounts are not entitled to either return of partial filing fee deducted from their accounts or removal of encumbrance from their accounts after they withdrew their appeals).[5]

---

[5] "As to the portion of a prisoner's fee already paid by debiting his prison account by the time the appeal is withdrawn, a refund claim is not only unauthorized, but also encounters the barrier of sovereign immunity, since the debited funds have become the property of the United States. See 28 U.S.C. §§ 711(c), 751(e) (1994) (requiring clerks of courts of appeals and district courts to pay all fees "into the Treasury"). As for the portion of the fee not yet

In Lineberger, plaintiff sought to reverse appellate court fees that were charged to his prison account upon the filing of an appeal IFP, arguing that since he was proceeding IFP he should not be required to pay any filing fees. Id., 2003 WL 22110279, at *1. Upon the filing of his appeal, Lineberger signed an authorization stating that he understood that the entire Court of Appeals' filing fee would be paid in installments by automatic deductions from his prison account "even in [his] appeal is dismissed or denied." Id. at *2. The Authorization was filed with the Court of Appeals. The district court denied Lineberger's request to refund the money withdrawn from his account pursuant to his authorization on the ground that § 1915(b) clearly requires inmates who proceed IFP to pay the filing fee.

Although Plaintiff asserts that, given his requests that the case not to be processed, he should not be held liable for the filing fee, the Court finds that it is more than reasonable to conclude that Plaintiff was aware of the requirements of filing a case IFP and was aware of the "consequences" of submitting an authorization pursuant to § 1915(b), and, in any event, Plaintiff is statutorily required to pay the filing fee from his Inmate Account. Plaintiff's request for a refund or reimbursement is thereby precluded by the PLRA.

---

debited (but agreed to be debited in future installments), authorization for cancellation is also lacking ... [and while acknowledging its a closer issue] we are confident that we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals." Goins, 241 F.3d at 262.

IT IS HEREBY ORDERED that plaintiff's motion for a return of the portion of the filing fee withdrawn from his Inmate Account and to remove the encumbrance from said Account (Docket No. 6) is DENIED.

**SO ORDERED.**

S/ Michael A. Telesca

---
MICHAEL A. TELESCA
United States District Judge

Dated:   March 8, 2006
         Rochester, New York