FILED

2007 AUG 15 PM 2:57

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORAL RICHARD HUFFMAN, JR.,

    Plaintiff,

    -v-

MICHAEL A. BENSON, Chief, Erie County Jail,

    Defendant.

**DECISION and ORDER**
05-CV-0867S

---

## PROCEDURAL BACKGROUND

Plaintiff Loral Richard Huffman, Jr., who is currently detained at the Genesee County Jail awaiting trial on a pending federal indictment and also a New York State Department of Correctional Services' inmate previously incarcerated at the Wende Correctional Facility ("Wende") prior to his "custody" being transferred to federal authorities on the indictment, initiated a civil action in this Court on December 12, 2005. Along with the Complaint, Plaintiff filed an application requesting permission to proceed *in forma pauperis* ("IFP") and a hand-written Authorization[1] pursuant to 28 U.S.C. § 1915(b). (Docket No. 2). On January 12, 2006, Plaintiff filed a letter requesting that the case not be processed and that his

---

[1] As noted in the Court's Order denying Plaintiff's first motion for a return of the filing fee (Docket No. 8, Order, at n. 4), the handwritten Authorization form submitted by Plaintiff stated that the forms he received from the Court did not include an Inmate Authorization Form so he was submitting a handwritten one, which stated that: "I, L.R. Huffman, authorize Wende Prison or any other facility I may be housed at to deduct $250.00 in whole or part at any time from any funds I have or receive in the future to pay these court encumbrance[s]." The Court cannot state definitively whether the Inmate Authorization Form was included with the packet of forms and instructions forwarded to Plaintiff or whether Plaintiff received the "Important Fee Information" instruction sheet, other than to say that it is the Court's practice to include both forms when it sends forms and instructions to inmates for use in filing a civil action in this Court. Based on the language of the handwritten Authorization, it is reasonable to assume that Plaintiff was aware of the requirements of 28 U.S.C. § 1915(1)-(4).

documents be returned to him. (Docket No. 3). He claimed that letters he had sent earlier to the Court after he forwarded the Complaint to the Court asked that the case not be processed because the Complaint contained a number of errors, mistakes, omissions and the like. Plaintiff's letter also requested a return of the partial payment that had been made towards the court filing fee from his Inmate Account at Wende and the removal of the encumbrance on said Account. See 28 U.S.C. § 1915(b)(1)-(4). The Court construed the letter as a request to voluntarily withdraw the Complaint and thereafter entered an Order on February 1, 2006, dismissing the Complaint pursuant to Fed. R. Civ. P. 41(a)(1)(I). (Docket No. 4).

On February 2, 2006, Plaintiff filed a motion seeking a refund of the filing fee or, in other words, a lifting of the encumbrance on his inmate account at Wende.[2] On March 9, 2006, the Court (Hon. Michael A. Telesca) filed an Order denying Plaintiff's motion on the basis that § 1915(b) requires that prisoners who pursue civil rights claims *in forma pauperis* must pay the Court's filing fees, regardless of when the case is dismissed or if the Court had

---

[2] According to the Clerk's Office's Financial Department no money has been received from Wende to be applied to Plaintiff's filing fee in this matter. It therefore appears that the issue is not a refund of monies paid but a lifting of the encumbrance on Plaintiff's Inmate Account. See 28 U.S.C. § 1915(b)(1).

acted on the application to proceed *in forma pauperis* at the time the case is dismissed.[3] *See* 28 U.S.C. § 1915(b); *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). (Docket No. 8).

Plaintiff then filed Notices of Appeal from the Order dismissing the complaint without prejudice and the Order denying the motion for a refund of the filing fee. (Docket Nos. 10, 12). On May 10, 2006, the United States Court of Appeals entered an Order dismissing the appeals on account of Plaintiff's failure to comply with the Court's notice to him to file a Prisoner Authorization. The Mandate was filed in this Court on May 15, 2006. (Docket No. 16).

---

[3]In that Order the Court noted in a footnote that:
"The fact that the Court dismissed the complaint after it was filed, per Plaintiff's request to withdraw it, but without first granting plaintiff permission to proceed *in forma pauperis* is not in any way determinative of the issue before the Court because in *Leonard*, 88 F.3d at 184-86, the Second Circuit addressed this very issue and determined that the requirement of payment of court filing fees per 28 U.S.C. § 1915(b)(1) could be imposed upon the filing of the complaint prior to any determination of the IFP application and 'frivolousness.' In so holding the Court stated:

> '[C]onstruing the statute to impose the fee requirement only on those granted i.f.p. status would place on courts precisely the burden that the statute was intended to avoid: they would have to expend judicial and staff time to make the determination of whether every complaint or appeal surmounts the "frivolousness" threshold. By requiring the prisoner to file a certified copy of his trust account statement and to become obligated to pay the filing fee before frivolousness is assessed, many prisoners can be expected to make their own assessment of frivolousness and will elect not to file a considerable number of complaints and appeals. Nor is there any unfairness in imposing the fee obligation, subject to installment payments, upon all prisoners.'

The Second Circuit therefore held that the payment of its filing fee pursuant to § 1915(b) would be imposed prior to any assessment of frivolousness and a determination of whether to grant IFP status.

The Court also noted that it and many district courts docket cases prior to any determination to grant IFP status and whether the complaint or appeal is frivolous, and that the fee obligation may be imposed upon filing before any such determinations are made. If the obligation to pay the filing fee was imposed only after a determination of frivolousness it would produce a "bizarre result: the prisoner whose complaint or appeal is determined to be frivolous would be spared the obligation to pay a filing fee, while only the prisoners who surmount the "frivolousness" standard would become obligated for filing fees. The text [of § 1915] does not require such a construction." Leonard, 88 F.3d at 184. This court is one fo those districts that docket a case prior to a determination of frivolousness and IFP status."

(Docket No. 8, Order, at n. 1).

On May 10, 2006, Plaintiff filed a motion to reopen this action, which was granted. (Docket No. 17). As a basis for allowing Plaintiff to reopen this action, the Court noted that plaintiff had been required to pay the filing fee pursuant to § 1915(b), and that it would not be in the interests of justice to require Plaintiff to file a new action and pay an additional filing fee. In that same Order, however, the Court (Hon. John T. Curtin) dismissed the complaint without prejudice, pursuant to 28 U.S.C. § 1915(2)(2)(B), for its failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and, in most respects, its failure to state a claim against the Defendant, and granted Plaintiff leave to file an amended complaint within 30 days of entry of the Order. (*Id.*) Plaintiff was specifically advised that a failure to file an amended complaint within 30 days would result in dismissal of the action with prejudice. (*Id.*) Plaintiff failed to file an amended complaint as directed, and judgment was entered on October 25, 2006 dismissing the action. (Docket No. 18).

On November 1, 2006, Plaintiff filed a motion to amend/correct the complaint--i.e., to extend the time to file an amended complaint--and motions to lift the encumbrance on his Inmate Account. (Docket No. 19-20). On December 7, 2006, Plaintiff filed another motion to refund the filing fee and to withdraw the action. (Docket No. 21). On April 16, 2007, Plaintiff filed yet another motion to lift ("cancel") the encumbrance (Docket No. 22), and a motion to seal the records in his criminal matter now pending in this Court before the Hon. David G. Larimer (United States v. Huffman, 053-CR-6011-DGL). (Docket No. 23). This latter motion was inadvertently filed in this civil action rather than in the pending

criminal proceeding[4] and, accordingly, the Clerk of the Court is directed to amend the docket in this matter and terminate or strike the motion to seal (Docket No. 23) from the docket in this matter. Since plaintiff is represented by counsel in the criminal matter, any motions filed in the criminal matter must be filed by counsel.[5]

## DISCUSSION

### A. Motions to Refund Filing Fee/Lift or Cancel Encumbrance

Pending before the Court are the four separate motions by Plaintiff to refund the filing fee or lift the encumbrance placed on his Inmate Account when this matter was first opened upon the filing of the complaint, the application to proceed *in forma pauperis* and Authorization. (Docket Nos. 19, 20, 21 and 22). Plaintiff seeks a lifting of the encumbrance on the basis that when he signed and submitted the handwritten Authorization (see n. 1, *supra*) he did not have the Court's Prison Authorization Form which notifies all prisoners that the entire filing will be paid to the court in installments by automatic deductions from their inmate trust fund account even if the case is dismissed before the entire amount of the fee has been deducted from my account.[6]

---

[4]The motion bears a caption of USA v. Huffman, without a criminal number. Upon receipt of the motion, the Clerk's Office mistakenly assumed it was intended to be filed in the instant civil action, wrote the civil number on the motion and docketed the motion in this action.

[5]Docket No. 22 can be construed to request a sealing of his records in this matter. To the extent said filing can be construed to seek a sealing of the records in this case on account of Plaintiff's claim that he is being extorted or threatened by other prisoners to alter his testimony as an informant in other matters, it is denied because there is simply nothing docketed that would require sealing and because Plaintiff's unsupported one line statement that he may be subject to extortion by other inmates is insufficient to seal the documents in this matter.

[6]The Court notes that pursuant to 28 U.S.C. § 1915(b) payment of the filing fee is mandatory. There is no language in the statute that requires "notice" to the inmate regarding the mandatory payment of the filing fee. 28 U.S.C. § 1915(b)(1) provides in relevant part:

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in

Based on the reasons set forth in the Court's March 9, 2006 Order denying Plaintiff's first motion for a refund of the filing fee, which fully and adequately addresses the issues raised in all of Plaintiff's subsequent motions for a refund of the filing fee or lifting of the encumbrance (Docket No. 8), Plaintiff's pending motions for a refund of the filing fee or lifting of the encumbrance on his Inmate Account (Docket Nos. 19, 20, 21, and 22) are **DENIED**.

Moreover, if the subsequent motions were treated as motions for reconsideration of the Order denying a refund of the filing fee, they would be denied inasmuch as there are simply no grounds to reconsider said Order. Plaintiff's motions do not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. See *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

Plaintiff is forewarned that if he files any further motions in this Court related to the refund of the fling fee or lifting of the encumbrance he will be subject to severe sanctions including, but not limited to, an injunction against filing new cases without Court permission,

---

forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

a monetary sanction which would need to be paid before he could file any new cases in this Court or any other sanction the Court deems just and proper.

### B. Motion to Amend/Correct Complaint

As noted, the Court, after granting Plaintiff's motion to reopen this matter after he had requested that it be withdrawn, dismissed Plaintiff's complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), on the grounds that it failed to comply with Fed. R. Civ. P. 8 and 10, and failed, as pled, to state a claim upon which relief could be granted. (Docket No. 17). The Court, however, pursuant to repeated Second Circuit pronouncements regarding *sua sponte* dismissals of *pro se* complaints without first providing a plaintiff an opportunity to amend, granted Plaintiff an opportunity to amend the complaint within 30 days of entry of the Order. Plaintiff was advised that if he did not timely file an amended complaint as directed, the action would be dismissed with prejudice. Plaintiff failed to file an amended complaint and on October 25, 2006, judgment was entered dismissing this action.

On November 1, 2006, Plaintiff filed a motion to amend/correct the complaint and to lift the encumbrance. (Docket No. 19). Plaintiff essentially seeks an extension of time to file an amended complaint as directed by the Court on the basis that at the time the Order was entered directing him to amend the complaint within 30 days of entry of the Order he had been moved from Wende for a "court trip" and did not receive a copy of the Order until he returned to Wende.

While the Court would generally not deny a request for an extension of time to comply with an order based on reasons similar to the one raised herein by Plaintiff, the

Court is justifiably skeptical about Plaintiff's true intentions to file an amended complaint in conformance with the Court's directions and to actually prosecute this matter if the amended complaint survives scrutiny under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court notes that following the filing of the motion to amend/correct the complaint, Plaintiff also filed a motion to refund the filing fee and withdraw the action. (Docket No. 21). It is readily apparent to the Court that Plaintiff's primary, if not only, goal at this time is to obtain a lifting of the encumbrance on his Inmate Account. There is simply no indication that Plaintiff is interested in filing an amended complaint and prosecuting this action. Accordingly, Plaintiff's motion to amend/correct the complaint is denied without prejudice to re-filing a motion for an extension of time to file an amended complaint upon a showing by Plaintiff that he fully intends to file an amended complaint and to prosecute this action.

Plaintiff must re-file the motion to amend the complaint or, in other words, for an extension of time to file an amended complaint within **30 days** of the date of entry of this Order. In support of said motion, Plaintiff must set forth in affidavit form his intention to file an amended complaint and prosecute this action. Plaintiff is forewarned that if he fails to re-file said motion with an affidavit setting forth his intention to file an amended complaint and prosecute this action within **30 days** of the date of entry of this Order this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motions to refund the filing fee or to lift the encumbrance on Plaintiff's Inmate Account (Docket Nos. 19, 20, 21 and 22) are DENIED;

FURTHER, the Clerk of the Court is directed to amend the Docket in this matter and terminate or strike the motion to seal (Docket No. 23) from the Docket in this matter; and

FURTHER, that Plaintiff's motion to amend/correct complaint (Docket No. 19) is denied without prejudice to re-filing a motion for an extension of time to file an amended complaint within 30 days of the date of entry of this Order upon a showing that Plaintiff fully intends to file an amended complaint and prosecute this action.

SO ORDERED.

Dated: August 13, 2007
Buffalo, New York

/s/ WILLIAM M. SKRETNY
WILLIAM M. SKRETNY
United States District Judge