FILED -PS-O-

2008 JUN 17 AM 11: 12

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORAL RICHARD HUFFMAN, JR.,

    Plaintiff,

    -v-

MICHAEL A. BENSON,

    Defendant.

DECISION AND ORDER
~~05-CV-0865S~~
05CV867S

---

## INTRODUCTION[1]

On August 15, 2007, the Court (Hon William M. Skretny) entered an Decision and Order that, *inter alia*, denied plaintiff's motion to amend/correct the complaint without prejudice to re-filing a motion for an extension of time to file an amended complaint within 30 days of the date of entry of the Order upon a showing that Plaintiff fully intended to file an amended complaint and prosecute this action. (Docket No. 24). On September 6, 2007, plaintiff filed an amended complaint (Docket No. 25), and on September 12, 2007, he filed a motion for an extension of time to file an amended complaint and informed the Court, as directed, that he fully

---

[1] This action has had a long and tortured procedural history including plaintiff's voluntary withdrawal of this action (Docket No. 4), numerous denials of motions for a lifting of the encumbrance imposed on plaintiff's inmate account pursuant to 28 U.S.C. § 1915(b) (Docket Nos. 8 and 24), a notice of appeal (Docket No. 10) that was dismissed by the Court of Appeals (Docket No. 16), and the re-opening of this action after plaintiff had failed to timely file an amended complaint as directed by Court upon initial screening of the complaint pursuant to § § 1915(e)(2)(B)(ii) and 1915A (Docket No. 24). A thorough review of the procedural history of this action can be found in the Orders, filed September 15, 2006 (Docket No. 17), and August 15, 2007 (Docket No. 24).

intended to prosecute this action. (Docket No. 27). Because plaintiff filed, as directed, both an amended complaint and a motion to extend the time to file an amended complaint with notification of his intention to prosecute this action, plaintiff's motion for an extension of time is granted, the Clerk of the Court is directed to re-open this matter[2] and the Court must now "screen" the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

Plaintiff has also filed a motion for the appointment of counsel (Docket No. 26), which is denied without prejudice because, as discussed below, plaintiff has not filed an amended complaint that complies with Fed.R.Civ.P. 8 and 10 and that states claims upon which relief can be granted. Moreover, plaintiff has not established at this time that his claims are likely to be of substance or that he is incapable of proceeding *pro se* in this matter. See *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). Simply noting that he has no legal "skills," that he has legitimate issues and that, because of the encumbrance on his inmate account imposed pursuant to 28 U.S.C. §

---

[2]On September 15, 2006, the Court (Hon. John T. Curtin), entered an Order granting plaintiff's motion to re-open this case, and dismissed the complaint without prejudice upon the filing of an amended complaint within 30 days from the date of entry of the Order. The Order advised plaintiff that if he failed to file an amended complaint within 30 days as directed, it would result in dismissal of the action with prejudice. (Docket No. 17). On October 25, 2006, judgment was entered dismissing this action based on plaintiff's failure to file an amended complaint as directed. (Docket No. 18). However, six days later plaintiff filed a motion to amend the complaint per the Court's Order. Accordingly, the Court should have re-opened this matter when it denied plaintiff's motion to amend/correct the complaint without prejudice to re-filing a motion for an extension of time to file an amended complaint upon a showing that Plaintiff fully intended to file an amended complaint and prosecute this action; the very motion the Court is now granting herein. (Docket No. 24).

2

1915(b), he cannot afford to mail documents, is not sufficient under controlling case law for this Court to appoint counsel to plaintiff.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915. Sections 1915 and 1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). "Section 1915 governs proceedings *in forma pauperis,* while § 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Shakur*, 391 F.3d at 112.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284,

3

287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon,* 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only ' "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ' " *Erickson v. Pardus,* ---- U.S. ----, ----,127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1959 (2007)) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Boykin v. Keycorp,* 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

**Plaintiff's Allegations**

1. Initial Complaint

Plaintiff's initial complaint was directed to be dismissed unless plaintiff filed an amended complaint which not only stated claims upon which relief could be granted but also complied with Fed.R.Civ.P. 8 and 10. The Court (Hon. John T. Curtin) found that the complaint, which was over 13 pages in length and included approximately 231 separate complaints or claims

> contained nothing more than a long, endless list of "complaints," many of which appear[ed] to be *de minimus* at best, concerning the conditions of the Erie County Jail and plaintiff's then current detention there--*e.g.*, not provided rule book, toilets and sinks inoperable, food left out too long before being served, ceiling tiles loose and falling, prisoners processed based on nepotism, favoritism, or financial or racial status, and hundreds of other complaints like these. Plaintiff simply regurgitated] these "claims" in essentially one long run-on sentence, separated only by commas, without providing any facts to support the claims or how he suffered any harm as a result of these conditions or occurrences. While some of the complaints, if set forth in other than conclusory terms and supported by some fact-based details, may be sufficient to state a claim, neither the Court nor the defendant should be required to cull through over 13 pages of 231 or so complaints and decipher if a cognizable claim under 42 U.S.C. § 1983 is possibly set forth somewhere within the complaint.

(Docket No. 17, Decision and Order, at 9-10). Plaintiff was directed that if he decided to file an amended complaint he must comply with Fed.R.Civ.P. 8 and 10 and the following directives :

> 1. The amended complaint shall name as defendants individuals who were personally involved in the alleged constitutional deprivations, *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986);
>
> 2. The amended complaint shall contain individually numbered **short, concise** paragraphs, each of which shall lay out **one** claim, and which shall set forth the plaintiff's factual allegations in support of that particular claim only;
>
> 3. In each individually numbered paragraph addressing a particular claim, plaintiff shall specifically and concisely describe the actions (or failure to act) of each defendant that plaintiff alleges caused him harm with respect to the particular claim set forth in that paragraph and **only** that particular claim[.]

5

(Docket No. 17, Decision and Order, at 3).

### 2. Amended Complaint

Plaintiff's amended complaint, while it attempts to comply with the directives set forth above, is still a pleading that does not comply, in any meaningful way, with Fed.R.Civ.P. 8 and 10, and again sets forth claims in wholly conclusory terms that do not sufficiently allege that the two primary defendants, Benson, Chief, Erie County Jail, and Sean Higgins, "Sergeant of Guards," were personally involved in the claims alleged. The claims alleged, like the ones alleged in the original complaint, generally revolve around plaintiff's complaints about the conditions of the Erie County Jail and how he and others were generally treated or mistreated.

The amended complaint consists of the following: (1) the names and titles of 18 defendants; (2) a section which attaches approximately 10-15 copies of letters or notes to or from plaintiff and local or state agencies regarding, *inter alia*, plaintiff's complaints concerning the conditions of the Erie County Holding Center ("Holding Center" or "Jail") and his detention there; (3) a section entitled "Information Relevant to the Claims" that contains 22 separate paragraphs (A-V), which the Court presumes, but is not certain, applies to all the claims attempted to be alleged; (4) a section entitled "Conclusion" and "Summary" which states, in pertinent part that " [the] Erie County Holding Center is run by 'criminals in

uniform,' conspiring to violate laws and run jail as they deem appropriate;" (5) copies of letters from state or local law enforcement agencies regarding plaintiff;[3] (6) a copy of the initial complaint with a number of words and phrases circled or underlined, the significance of which is not known to the Court; (7) a listing of 128 separately numbered hand-written "claims," which consist primarily of complaints concerning the conditions of the Holding Center, most of which are stated in wholly conclusory terms and do not set forth cognizable claims of a violation of a constitutional right; and (8) a section setting forth plaintiff's requests for relief, including that the Court appoint a Special Master to oversee rehabilitation of the Holding Center, a new Holding Center built with sufficient guards, physicians and equipment and the installation of an audio and video system to monitor guard misconduct.

Just focusing on the section of the amended complaint that contains the 128 separately numbered paragraphs or claims, it is clear to the Court that not only do many of the claims fail to state cognizable claims of constitutional violations or are stated in wholly conclusory terms that cannot proceed as stated-- e.g., No. 16: Prisoners plead guilty simply to be released from Holding Center; No. 23: Food denied as punishment; Food not served at required temperatures; No. 28: No socks, T-shirts or underwear issued; No. 30: prisoners denied reading

---

[3]Although the Court is certain that plaintiff is keenly aware that information filed with the Court is accessible to the public, either through review of the file in the Clerk's Office or on PACER through the Court's CM/ECF electronic filing system, because of his frequent requests to obtain information filed in other cases, the Clerk of the Court will be directed to seal these letters attached to the complaint.

material if found to have violated disciplinary rules; No. 31: Grievance forms are not readily available; No. 48: Denied eye-glasses; No. 50: No hair nets or gloves are used by food-servers; No. 56: Jail uniforms are not washed twice a week; No. 59: Jail has no contract to house "non-buffalo federal inmates;" No. 79: Benson has insufficient experience to act a medical administrator--, but that to require both the Court and the defendants to review and respond to all of the paragraphs or claims set forth in just this one section of the amended complaint would place an unnecessary, needless and nearly insurmountable burden on both; a burden meant to be avoided by the "short and plain statement" and "simple, concise and direct" dictates of Fed.R.Civ.P. 8(a)(2) and (d)(1). *See Lasky v. Shearson Lehman Brothers Inc.*, 139 F.R.D. 597, 598-99 (S.D.N.Y.1991) (Patterson, J.) ("The statement [of the claim] should be short because unnecessary prolixity places an unjustified burden on the court and the responding party.") (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In addition, the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the

relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

The amended complaint, just like the original complaint, violates these pleading rules and, in most part, fails to state claims upon which relief can be granted. Simply alleging that Chief Benson has insufficient experience or that food-servers at the Jail did not wear hair nets or gloves does not state a claim that plaintiff's constitutional rights were violated during his detention at the Jail.

As noted, plaintiff was given directives as to how to plead the amended complaint, and while plaintiff appears to have made a good faith attempt to comply with those directives or, at least, the third directive, *see* p. 4, *infra*,[4] the amended complaint nonetheless fails to comply with Fed.R.Civ.P. 8(a), (d) and 10(b), and fails to state claims upon which relief can be granted. To now allow the amended complaint to proceed in its present form would require the Court and the defendants to wade through it and attempt to construe, in part, what appears to be 128 separate claims for relief. This does not even include the other parts of the amended complaint, most of which are confusing and prolix, and add nothing of substance to the claims. The Court simply cannot and will not impose such an unnecessary burden on the defendants and the Court, which the pleading rules are clearly intended to avoid.

---

[4] The Court presumes this is what the 128 separately numbered paragraph section of the amended complaint intended to do.

3. Second Amended Complaint

Because the amended complaint, like the original complaint, includes some allegations that if properly and adequately pled *may* state claims for relief--*e.g.*, No. 32: being punished and harassed if one requests or files a grievance; No. 38: given the wrong medication by nurses over 27 times; No. 60: inmates bribed to assault plaintiff; No. 68: denied access to psychiatric treatment following suicide attempt[5]--the Court will provide plaintiff with one final opportunity to amend the amended complaint.

The second amended complaint, which shall supersede and replace in its entirety the previous amended complaint filed by plaintiff, must contain a caption that clearly identifies by name and title or position, each individual defendant and must **not exceed 20 total pages in length.** This should force plaintiff to closely look at his previous complaints and re-plead only those claims which may rise to the level of a constitutional violation. Plaintiff is reminded that he must plead facts that are not set forth in only conclusory terms, and that for each claim (*i.e.*, alleged constitutional violation) alleged he shall set forth (1) the alleged act of misconduct; (ii) the date of each such misconduct; (iii) the names of each and every defendant who engaged in such act of misconduct; (iv) where appropriate,

---

[5]The Court, by pointing out these allegations, is not implying either that these allegations, if adequately re-pled, state claims for relief under 42 U.S.C. § 1983 or that no other allegations may state claims for relief if re-pled.

the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and plaintiff's constitutional rights.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is directed to re-open this matter, and plaintiff's motion for an extension of time to amend the complaint (Docket No. 27) is granted, plaintiff's motion for the appointment of counsel (Docket No. 26) is denied and plaintiff's amended complaint (Docket No. 25) must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless plaintiff files a second amended complaint by **August 18, 2008**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiff is forewarned that if he fails to file a second amended complaint as directed, this action will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff is further forewarned that his right to pursue

further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that the Clerk of the Court is directed to re-open this action;

FURTHER, plaintiff's motion for an extension of time to file an amended complaint (Docket No. 27) is granted, and plaintiff's motion for appointment of counsel (Docket No. 26) is denied without prejudice;

FURTHER, that plaintiff is granted leave to file a second amended complaint as directed above by **August 18, 2008**, and that plaintiff will not be granted an extension of time to file a second amended complaint beyond that date except upon a showing of exceptional circumstances;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the amended complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that the Clerk of the Court is directed to seal the letters and documents attached to the amended complaint, dated March 5, 2004, December 24, 1997, and July 23, 2007;

FURTHER, that in the event plaintiff fails to file a second amended complaint as directed above by **August 18, 2008**, this action shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event this action is dismissed because plaintiff has failed to file a second amended complaint by **August 18, 2008**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event this action is dismissed because plaintiff has failed to file a second amended complaint by **August 18, 2008**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June 17, 2008