UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORAL R. HUFFMAN,

        Plaintiff,

        -v-

MICHAEL A. BENSON, Chief, Erie County Jail,

        Defendant.

-PS-O-

DECISION AND ORDER
05-CV-087A



---

This Court, as Duty Judge, previously granted plaintiff a further extension of time to January 9, 2009, to file a second amended complaint (Docket No. 35),[1] as he was previously directed to do pursuant to Orders filed June 17 and August 22, 2008 (Docket Nos. 28 and 33).[2] On December 10, 2008, plaintiff filed yet a further motion to cancel the encumbrance that was placed on his prison inmate account pursuant to 28 U.S.C. § 1915(b)(1)-(4), and to close this action and also his pending criminal matters filed against him in this Court or, in the alternative, to extend his time to file a second amended complaint until he can return to the Wende Correctional Facility and follow the Court's Order to file a second amended complaint as previously directed.[3] (Docket No. 36). Because the Court has provided plaintiff ample opportunities and notice to file a second amended

---

[1] This Order, unlike the Court's previous Order granting plaintiff an extension of time to file a second amended complaint (Docket No. 33), was not "self-executing" and thus did not direct the Clerk of the Court to dismiss this action with prejudice and without further order of the Court if plaintiff did not file a second amended complaint as directed.

[2] A comprehensive summary of the procedural history of this Court can be found in the Court's Order filed on August 15, 2007. (Docket No. 24).

[3] The motion states: "[i]n the spirit of ending the <u>entire</u> federal criminal and civil cases, I ask for you to cancel encumbrances and close this case <u>or</u> grant me another extension 60 day extension, until I can return to Wende and follow the Court[']s Order to re-file according to your August 28, 2008 Order. (Docket No. 36).

complaint (and previously an amended complaint) and, on occasions to numerous to mention, denied his motions to cancel the encumbrance or refund the court's filing fee withdrawn from his inmate account pursuant to 28 U.S.C. § 1915(b)(1)-(4),[4] plaintiff's motion to cancel the encumbrance or, in the alternative, for an extension of time to file a second amended complaint is denied. The Court has on more than one occasion warned plaintiff that his continued filing of motions to cancel the encumbrance could lead to the imposition of sanctions, including but not limited to, monetary sanctions and an injunction precluding the filing of any further actions in this Court. (Docket No. 24, Order, at 6-7).

It is clear to the Court that plaintiff has no interest in prosecuting this particular action or complying with the Court's directives, and is only interested in the return of the monies from his inmate account that was withdrawn, with his authorization, *see* Docket No. 8, Order, and Docket No. 24, Order, at 5-6, pursuant to 28 U.S.C. § 1915(b)(1)-(4), and obtaining that relief regardless of how many times the Court has denied it. *See* n.3, *infra*. His actions and repeatedly filed motions to cancel the encumbrance are simply a means to annoy and harass the Court, and they will not be tolerated any longer. The Court has been overly-patient with plaintiff in relation to this matter and his constant refusal to accept the Court's findings that he is not entitled to a cancellation of the encumbrance or return of the filing fee.

IT IS HEREBY ORDERED that plaintiff's motion to cancel the encumbrance or, in the alternative, an extension of time to file a second amended complaint (Docket No. 36) is denied;

---

[4]*See, e.g.*, Docket No. 24, Order, entered August 15, 2007, at 5, which sets forth a procedural history of this action, including the numerous motions filed by plaintiff to cancel the encumbrance through the date of issuance of said Order. Since that Order, there have been at least two other motions to cancel the encumbrance or refund the filing fee. (Docket Nos. 31 and 36). On October 17, 2008, the Court received from plaintiff's correctional facility the 250.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1)-(4).

2

FURTHER, that this action is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A, for failure to state a claim (Docket No. 28)[5] and for plaintiff's failure to file a second amended complaint as directed, and the Clerk of the Court is directed to take all necessary steps to close this case;

FURTHER, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure;

FURTHER, that plaintiff shall **not** file any further motions in this action which, in any way, seek a cancellation of the encumbrance, a refund of the filing fee or reconsideration of any prior orders of the Court, and the Clerk of the Court is directed to return any such motions to plaintiff without docketing and any formal response from the Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 24, 2009
Rochester, New York

---

[5]This Order, among other things, found that plaintiff's amended complaint failed, as directed, to comply with Federal Rules of Civil Procedure 8 and 10, and failed to state a claim upon which relief could be granted and ordered that if plaintiff failed to file a second amended complaint, as directed, the action would be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). (Docket No. 28, Order at 3-12).